IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEBERRY, | : | CIVIL ACTION NO. **3:CV-07-1825** |
| | : | |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J. MINER, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

The Plaintiff, Terry Deberry, currently an inmate at the United States Penitentiary

Allenwood, White Deer, Pennsylvania ("USP-Allenwood"), filed this action, *pro se*, pursuant to

28 U.S.C. § 1331, on October 9, 2007, naming ten Defendants employed by the United States

Bureau of Prisons ("BOP").[1]  Eight of the ten Defendants are employed at USP-Allenwood, and two

Defendants are employed with the BOP Regional and Central Offices.  The USP-Allenwood

Defendants are: Jonathan C. Miner, Warden[2]; T.M. Szulanczyk, Assistant Warden; Captain

Bloodworth; T. Mathews, Special Investigator; T. Devane, Lieutenant; Marie Trgovac, Prison

Psychologist; D. Kreible, Recreational Staff; and Mr. Smith, Education Department.  The BOP

Regional and Central Offices Defendants are D. Scott Dodrill, Northeast Regional Office, and H.

---

[1]Venue in this Court is proper with respect to this *Bivens* action since the incidents in
question occurred at USP-Allenwood.  *See Bivens v. Six Unknown Named Agents of Fed. Bur. of
Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

[2]Plaintiff spells Defendant Minor's name as both "Miner" and "Minor."  (Doc. 1, pp. 1-2).
However, we shall use the correct spelling of Defendant's Miner's name.  (Doc. 1, attached
Exhibit, January 16, 2007 BP-9 Response of Defendant Miner).

Watts, Administrator at Central Office.  (Doc. 1, pp. 1-2).  Plaintiff has attached three handwritten pages to his form Complaint which contain his statement of claims, as well as one handwritten page with contains his request for relief.[3]  Plaintiff attached several exhibits to his Complaint.[4]   Plaintiff also filed a motion  for leave to proceed *in forma pauperis*.  (Doc. 5).  Plaintiff filed a Motion to Appoint Counsel.  (Doc. 4).[5]

We now review the Plaintiff's pleading and find that it fails to state an Eighth Amendment deliberate indifference claim and conditions of confinement claim against all ten (10) Defendants.[6] Plaintiff essentially claims that he was wrongfully placed on the prison's "Pervert Prevalence List" ("PPL") (Doc. 1, Ex. A)  by prison resident psychologist Defendant Trgovac and that this endangered his safety at the prison in violation of the Eight Amendment.   Plaintiff has not stated that any Defendant acted with deliberate indifference to his safety with respect to the placement of his name on the PPL.  Nor has Plaintiff alleged that any Defendant was personally responsible for

---

[3]For current identification purposes, we have labeled Plaintiff's four handwritten pages attached to his Complaint as pages 4-7 in pencil.  We have also labeled Plaintiff's exhibits attached to his Complaint as Exhibits A-R.

[4]We note that in screening a prisoner's complaint under the PLRA, the Court can consider exhibits attached to the complaint.  *Hughes v. Kostingo*, 2006 WL 367890 * 2 (W.D. Pa.).

[5] Since we find that Plaintiff has not stated a viable constitutional claim against any Defendant, we shall recommend that Plaintiff's Motion to Appoint Counsel (Doc. 4) be denied as moot.

[6]In particular, the Complaint's attached three handwritten pages of the statement of claim fail to state any allegations against the supervisory Defendants amounting to constitutional violations.  Further, as discussed below, the Plaintiff does not allege any basis to hold the supervisory Defendants liable other than *respondeat superior* and their responses to his BOP administrative remedy appeals.

posting the PPL in the prison.  Also, as discussed below, Plaintiff's own Exhibits show that prison staff took measures to protect his safety by placing him in segregation when he requested it and was threatened.

## II.  PLRA

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995,[7] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[8]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A Complaint is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   The Court uses the same standard of review under 28 U.S.C. §1915(e)(2)(B) as a Rule 12(b)(6) motion.  *Grayson v. Mayview State Hosp.*, 293 F. 3d

---

[7]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[8]Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts.  The Court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account.  (Docs. 5 and 6).

103, 110 (3d Cir. 2002); *Sharpe v. Costello*, 2007 WL 1098964, *3 (M.D. Pa. 2007).

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against all of the Defendants.

## III. Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

## IV. *Bivens.*

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp.

1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992).

In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him

of a federal right, and that the person who caused the deprivation acted under color of federal law.

*See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa.

1992); *Sharpe*, 2007 WL 1098964, *3.[9]

It is well established that personal liability in a civil rights action cannot be imposed upon

a prison   official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362

(1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976).   It is also

well settled in the Third Circuit that personal involvement of defendants in alleged constitutional

deprivations is a requirement in a civil rights   case and that a complaint must allege such personal

involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to

have been personally involved in the events or occurrences upon which Plaintiff's claims are based.

*Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

---

[9]Recently, the Third Circuit in *Banks v. Roberts*, C.A. No. 07-2793, slip op. p. 2, n. 1, 2007 WL 3096585, * 1, n. 1 (3d Cir. 10-19-07) (Non-Precedential) noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials.  This constitutional tort theory was set out in *Bivens* . . . "

A civil rights complaint must state time, place, and responsible persons. *Id.* With these principles in mind, Plaintiff's allegations with respect to the Defendants will be discussed.

## V.  Allegations of the Complaint.

In his Complaint, Plaintiff alleges, and his exhibits show, that in December 2006, while an inmate at USP-Allenwood, Plaintiff became aware that Defendant Trgovac placed his name on the PPL.  On December 13, 2006, Plaintiff filed an Informal Resolution (BP-8)  to have his name removed from the PPL.  Plaintiff claimed that he was placed on the PPL due to Defendant Trgovac's "willfull (sic) neglect and rectlessness (sic) on my good name and character."  (Doc. 1, Ex. C). Plaintiff's Ex. A is a copy of the PPL dated August 30, 2006, and Plaintiff's name appears on the list followed by the statement "seeks female attention; slimy." (Doc. 1., Ex. A).  Plaintiff avers that the PPL was prepared by Defendant Trgovac.  Plaintiff did not request any relief in his BP-8, and he did not attempt to informally resolve the matter. In any event, Plaintiff's prison counselor advised Plaintiff in a December 14, 2006 Response to Plaintiff's BP-8 that an investigation was being conducted about his claim and his BP-8 was sent to the Special Investigation Agent for review. (Doc. 1, Ex. D).

Plaintiff avers that either intentionally or due to a breach in security, the PPL has circulated throughout the inmate population and it was posted on the wall of the inmate's laundry room. Plaintiff does not claim that any named Defendant posted the PPL at the prison.  Plaintiff saw his name on the posted list.  (Doc.1, P. 4).  Plaintiff states that "since this information leeked (sic) out I had to walk around the yard for about three months constantly watching my back hoping and praying that know (sic) one walks up and put (sic) a knife in me." (*Id.*).  Plaintiff avers that it is life

6

threatening by being labeled a "pervert." (*Id*.).

Plaintiff names Trgovac as a Defendant since he claims that she improperly placed him on the PPL and mischaracterized him as "slimy, seeks female staff attention." (*Id*.). Plaintiff states that he has no "know (sic) history as a 'pervert'," and that Defendant Trgovac wrongfully profiled him as one. (*Id*.). Plaintiff names Defendant Lt. Devane as a Defendant since he "was involved by holding my picture along with others for the show-on the-go." (*Id*.). Plaintiff claims that being on the PPL affects the way prison staff see him, and it has affected the type of prison job he was allowed to have.[10] Plaintiff also claims that the "sexual profiling is tantamount to sexual harassment except that the consequences for those on the [PPL] could be deadly." (*Id*.).

Plaintiff alleges that due to the circulation of the PPL in the prison population "the possibilities of me being adversely effected" has multiplied since inmates loathe perverts. (*Id*.). Plaintiff also states that there is the possibility that the PPL is circulating through other BOP prisons. Plaintiff claims that supervisory Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts are liable since they are "seeking to shield from any legal liability as opposed to offering some type of protection or compensation to me who has been mentally and verbally harassed." Plaintiff's allegations and his exhibits attached to his Complaint basically show that the only personal involvement of supervisory Defendants Warden Miner, Assistant Warden Szulanczyk, Dodrill and Watts was their responses to Plaintiff's BOP Administrative remedy appeals. (Doc. 1, p. 6 and Exs. F, H, J and P). As discussed below, the

---

[10]Plaintiff has no Constitutional right to any particular job in the prison. *See Wright v. O'Hara*, 2002 WL 1870479, *5 (E.D. Pa.).

responses of the supervisory Defendants to Plaintiff's Administrative remedy are not sufficient to hold them liable in this *Bivens* action.

Plaintiff states that on March 23, 2007, he requested to be placed in Administrative Detention ("the hole" or "AD") for his own protection "because two inmates pulled knives on me saying to me 'get up top' which means go to the hole." (*Id.*, p. 5). Plaintiff's Ex. K indicates that Plaintiff requested to be placed in Administrative Detention on March 23, 2007 for his protection, and that he was placed there. Plaintiff avers that on May 1, 2007, he was forced out of the hole by the Special Investigator Officer Lt. Johnson due to lack of bed space and since Plaintiff did not give them any names, presumably of the inmates who had threatened him. (*Id.* and Ex. L). Plaintiff avers that after he was released from the AD, for seven days he was mentally stressed since he had to watch his back again. On May 8, 2007, Plaintiff avers that he again requested protection since the same two inmates approached him and told him to get "back up top." Plaintiff states that he checked back into the hole since he could not take the stress over what may happen to him in general population. (*Id.* and Ex. M).

Plaintiff alleges that Warden Miner is a Defendant because he ignored his problem and denied his grievance on January 16, 2007. (*Id.* and Ex. F). Defendant Szulancyzk is named as a Defendant since he also ignored Plaintiff's problem and never corrected it. (*Id.*). Defendant Dodrill is named as a Defendant because he also ignored Plaintiff's problem and denied his grievance on March 7, 2007. (*Id.* and Ex. H). Defendant Watts is named as a Defendant since he also ignored Plaintiff's problem and denied his grievance final appeal on May 30, 2007. (*Id.* and Ex. J). Plaintiff states that Defendant SIA Mathews is named as a Defendant "because of a poor investigation or

8

just disregarded known abuse." (*Id.*).  Plaintiff states that Defendant Captain Bloodworth is named as a Defendant "because he also ignored my problem that he is aware of or just disregarded known abuse." (*Id.*).

Plaintiff states that the PPL is evidence that Defendant Trgovac violated his Constitutional rights.  (*Id.*, p. 6 and Ex. A).  Plaintiff claims that Defendant Trgovac wrongfully and negligently placed him on the PPL, which was slander, and that she and Defendant Devane are liable for breach of duty, causing him mental stress.  (*Id.*, pp. 6-7).

Plaintiff states that he has named D. Kreible and Mr. Smith as Defendants since he wants them subpoenaed as witnesses.  Plaintiff avers that on August 16, 2006, Defendant Kreible told him that staff were to keep an eye on Plaintiff for stalking.  Plaintiff avers that on October 22, 2006, he was having family problems and asked Defendant Smith to call the prison psychologist (Defendant Trgovac) for him.  Plaintiff avers that Defendant Smith left a message for the psychologist.  The next day Plaintiff alleges that Smith told him that "M. Trgovac told me that your (sic) a 'slim ball' and she's not gonna see you." (*Id.*, p. 6).

Insofar as Plaintiff only names Kreible and Smith as Defendants so that they can be called as witnesses, we shall recommend that both of these Defendants be dismissed since Plaintiff fails to state any Constitutional claim against them.

Plaintiff does not claim that he was actually assaulted by any of the other inmates at USP-Allenwood, including the two unnamed inmates who allegedly threatened him on two occasions. Nor does Plaintiff claim that he suffered any physical injuries as a result of the placement of his name on the PPL.  In fact, Plaintiff admits that he feared the possibility of him being adversely

affected by having his name on the PPL. (Doc. 1, p. 4).  Nor does Plaintiff claim that any Defendant failed to protect him or refused to place him in AD.  Further, Plaintiff does not allege that any Defendant posted the PPL at the prison.  Rather, he alleges that the supervisory Defendants ignored his problem and never corrected it, and that they knew of the abuse by Defendants Trgovac and Devane by placing his name on the PPL. (*Id.*, pp. 5-6).  Plaintiff states that the wrongful placement of his name on the PPL amounted to sexual misconduct and sexual harassment.

Plaintiff seemingly alleges that Defendants violated his Eighth Amendment rights by not ordering his name removed from the PPL, and that Defendants Trgovac and Devane were negligent for placing his name on the PPL, and were liable for slander.  Plaintiff claims that Defendant Bloodworth is liable for damages for mental stress  for every day he is housed in segregation. (*Id.*, p. 7).

Plaintiff seeks compensatory and punitive damages against Defendants. (*Id.*, p. 7).  Plaintiff requests specific amounts of compensatory and punitive damages from Defendants.   Plaintiff also seeks monetary damages for mental stress but he does not allege any physical injury.

We find that Plaintiff has failed to state an Eighth Amendment claim against any Defendant.  Further, to the extent that Plaintiff only claims mental stress  without having suffered any physical injury, a claim for compensatory damages is precluded.  *See* 42 U.S.C. § 1997e(e).

Plaintiff does not state that any Defendants other than Trgovac and Devane were  personally involved in the alleged negligent placement of his name on the PPL.  Nor does Plaintiff claim that he was ever assaulted after his name appeared on the PPL.  As a result of the alleged threats on two occasions by the two inmates, Plaintiff does not state that he suffered any physical injuries.  Rather,

he only claims to have suffered mental symptoms. (Doc. 1, pp. 4-5).[11]  Plaintiff admits that he was placed in AD twice, upon his requests, after the threats.

Plaintiff indicates that he exhausted his BOP Administrative remedies with respect to his present claim that he was wrongfully placed on the PPL and that this amounted to sexual harassment.  Plaintiff's Exhibits attached to his Complaint seem to substantiate exhaustion of his claim. (Doc. 1, p. 1 and attached Exhibits).[12]

We find that Plaintiff has not pled an Eighth Amendment claim against any Defendant.  In his pleading, Plaintiff has failed to allege conduct by Defendants that amounted to a violation of the Eighth Amendment since he does not state that any Defendant acted with deliberate indifference to his safety.  We also find that the placement of Plaintiff's name on the PPL does not amount to sexual harassment in violation of the Eighth Amendment.

---

[11]Plaintiff only alleges mental injury.  However, damages for this claim are precluded since he has not alleged physical  injury.  *See* 42 U.S.C. § 1997e(e).  The law is clear that an inmate may not file a federal civil rights action based on a claim of mental or emotional injury seeking compensatory damages without any prior showing of physical injury.  Here, the Plaintiff fails to claim physical injury.  Thus, a claim for damages for mental anguish is precluded.  *Allah v. Al-Hafeez,* 226 F.3d 247, 250-251( 3d Cir. 2000).

[12]Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit.  *Spruill v. Gillis,* 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo,* 126 S.Ct. 2378 (2006).  In *Porter v. Nussle,* 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights  actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*   However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir. 2002).

11

As mentioned, Plaintiff requests as relief in his *Bivens* action specific amounts compensatory and punitive damages against each Defendant. (Doc. 1, p. 7).[13]  Plaintiff also requests $100,000 in compensatory damages from Defendants Trgovac and Devane for "Negligence, breach of duty, slander, mental stress."  (Doc. 1, p. 7).  However, the FTCA, and not a *Bivens* action, is for negligence claims against employees of the United States.  *See* Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2680.  *See also Banks, supra*, slip op. p. 6, n. 4[14]  Further, Plaintiff must exhaust his Administrative remedies with the BOP by filing a tort claim (SF-95) prior to filing an FTCA action in District Court.[15]  *Id.*, slip op. p. 5, 2007 WL 3096585, * 2.  Thus, we shall

---

[13] Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests  for specific monetary damages against each Defendant   should be stricken from his Complaint. (Doc. 1, p. 7).  *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Keys v. Klem*, Civil No. 06-0479, M.D. Pa., June 6, 2006 Order, J. Nealon.

[14] The *Banks* Court noted, "The District Court correctly construed Banks' negligence claim under the FTCA, noting that it could not consider his negligence claim under *Bivens*, because negligence is not the basis of a constitutional claim.  *See Bivens*, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights)." 2007 WL 3096585, * 2, n. 4.

[15] The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. §2675 (a).  Plaintiff here is seeking damages for mental stress without any personal injury against federal prison employees for violating his Eighth Amendment rights.  Plaintiff is not suing the United States for negligent conduct of federal employees occurring during his incarceration in federal prison.  With respect to any FTCA claim, the only proper party Defendant is the United States, and not the individually named Defendant employees  of the BOP (*i.e.* Trgovac and Devane).  *See* 28 U.S.C. §2679 (b) and (d)(1).  Thus, no individual employee of the BOP can be included in an FTCA action, and only the United States can be named as Defendant. *See Banks, supra*, slip op. p. 6, 2007 WL 3096586, * 2.

recommend that Plaintiff's claims for negligence, slander and breach of duty as against Defendants Trgovac and Devane be dismissed.  We also find that the placement of Plaintiff's name of the PPL does not amount to sexual harassment and does not rise to the level of a Constitutional violation.

## VI.  Discussion.

    1.    *Supervisory Defendants Warden Miner, Assistant Warden Szulanczyk,*
             *BOP Regional Director Dodrill and BOP Administrator Watts*

The Plaintiff's allegations against the supervisory prison officials, namely Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts, are that they ignored his problem, did not correct it by removing his name from the PPL, and that they denied his grievance appeals.  These allegations do not amount to an Eighth Amendment violation. Further *respondeat superior* is not an acceptable basis to hold prison officials liable in a civil rights action. *See Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003).  As stated, Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts are not alleged to have ignored any assault threats to Plaintiff.  In fact, Plaintiff was advised in the Defendants' responses to his Administrative remedy appeals to report to staff any incident which occurred as a result of his name appearing on the PPL, and Plaintiff did so and was placed in AD on two occasions.  (Doc. 1, Exs. H and K).  Plaintiff's own exhibits show that these Defendants were not deliberately indifferent to his safety at the prison.  Nor does Plaintiff allege that any of these Defendants were personally involved in the decision to have his name placed on the PPL or that they were personally involved in posting the PPL at the prison.

Plaintiff states that, through his BOP Administrative remedy process, he informed Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP

Administrator Watts that he was the subject of sexual harassment at the prison by placing his name on the PPL, and that these Defendants denied his Administrative remedy appeals.

Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts are not alleged to have participated or acquiesced in any decision to place Plaintiff's name on the PPL. Nor are they alleged to have been aware of any risk to Plaintiff at the prison as a result of his name appearing on the PPL. In fact, as stated, Defendants responses to Plaintiff's administrative remedy appeals directed him to report any problems that result with his name on the PPL, and Plaintiff did so. (Doc. 1, Exs. H and J, K and M). Thus, Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Region Director Dodrill and BOP Administrator Watts are clearly subject to dismissal. *See Rode,* 845 F.2d at 1208; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985) (per curiam) (a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of section 1983).

Plaintiff does not state a claim as to Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts , and his allegations against them do not amount to a violation of his constitutional rights. Further, the denial by these Defendants of Plaintiff's Administrative remedy appeals does not state a Constitutional claim.

The law is well-settled that there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.* 433 U.S. 119, 137-138 (1977). This very Court has also recognized that grievance procedures are not constitutionally mandated. *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential). Even if the prison provides for

a grievance procedure, as the BOP does, violations of those procedures do not amount to a civil rights cause of action. *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F. 3d 1226 (3d Cir. 1995). *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa. (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted). Thus, even if the prison official allegedly failed to process the prisoner's grievances, no constitutional claim is stated. *Burnside, supra*.

As discussed, there is no claim that Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts wrongfully placed Plaintiff's name on the PPL. There is no claim that these Defendants ignored any threats made against Plaintiff by other inmates. There is no claim that Plaintiff was placed in risk of serious injury by the supervisory Defendants. There is no claim, as noted, that Plaintiff was ever physically injured by other inmates. Since these Defendants are not alleged to have played any role in the placement of Plaintiff's name on the PPL or to have ignored any threat to Plaintiff, we find no Eighth Amendment claim against these four Defendants.

While "[t]he Constitution 'does not mandate comfortable prisons,' ... neither does it permit inhumane ones...." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970 (quoting *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Under *Farmer,* conditions of confinement will

15

violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official Defendants. *Id*. at 834. Stated simply, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness. *Farmer,* 511 U.S. at 834-35 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392); *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321 (1991). In order to find an Eighth Amendment violation regarding conditions of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837. Plaintiff makes no such claims as to Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts.

Plaintiff fails to allege that Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts were aware of facts that he was at a substantial risk of serious harm from an assault by other inmates and that they drew such an inference. Plaintiff does not allege that the supervisory Defendants failed to respond to any threats made against him. Indeed, the responses of these Defendants to the Plaintiff's Administrative remedy appeals show that they instructed him to report any threats. Plaintiff's Exhibits show that he did report the threats and was placed in AD. Nor has Plaintiff claimed Defendants Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts knew that the placement of his name on the PPL was a threat to him, and that they acted deliberately indifferent to any threat. Thus, the four supervisory Defendants were not on notice that Plaintiff faced a substantial risk of being assaulted. *See Heggenmiller v. Edna Mahan Corr. Inst.*

*For Women*, 128 Fed. Appx. 240 (3d Cir. 2005)(Non-Precedential); *Sharpe, supra*, 2007 WL 1098964, * 5.[16] Plaintiff must specifically allege what the supervisory Defendants failed to do which demonstrates their deliberate indifference. *See Sample v. Diecks*, 885 F. 2d 1099, 1118 (3d Cir. 1989).

Therefore, we will recommend that Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts be dismissed as Defendants in this case.

    2.    *Defendants Kreible and Smith*

As discussed above, since Plaintiff only names Kreible and Smith as Defendants because he wants them to be subpoenaed as witnesses to his claims (Doc. 1, p. 6), we shall recommend that both of these Defendants be dismissed.   These two Defendants are not alleged to have been personally involved in the violation of any of Plaintiff's Constitutional rights.   *See Rode, supra*.

    3.  *Defendants Bloodworth and Mathews*

As mentioned above, Plaintiff names Defendant SIA Mathews as a Defendant "because of a poor investigation or just disregarded known abuse." (*Id.*, p. 5).   Plaintiff states that Defendant Captain Bloodworth is a Defendant "because he also ignored my problem that he is aware of or just disregarded  known abuse." (*Id.*).   We find no Eighth Amendment claim stated as against

---

[16]Even if Plaintiff did allege the required knowledge of risk and indifference by Defendants Warden Miner, Assistant  Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts, he does not claim that Defendants' inactions of not removing his name from the PPL were the cause of his alleged mental harm.  *See Heggenmiller*, 128 Fed. Appx. at 248, citing *Sample v. Diecks*, 885 F. 2d 1099, 1117 (3d Cir. 1989).  Plaintiff alleges that the mental stress was caused by having his name placed on the PPL.  Thus, there is no close causal connection alleged between the supervisory Defendants' inaction and Plaintiff's harm, *i.e.,* mental stress.

Defendants Bloodworth and Mathews.

Plaintiff's claim that Defendant Mathews conducted a poor investigation may amount to carelessness, but it does not state an Eighth Amendment claim based upon the above stated standard.   Further, Plaintiff claims that Defendant Bloodworth ignored his problem, which we construe to mean that he was wrongfully placed on the PPL and that this was sexual harassment, does not amount to an Eighth Amendment violation.

Thus we will recommend that Defendants Bloodworth and Mathews be dismissed.

*4.   Defendants Trgovac and Devane*

Plaintiff alleges that Defendant Trgovac compiled the PPL and improperly  placed his name on it.  Plaintiff claims that this Defendant is liable to him for negligence and slander.  (Doc. 1, pp. 4 and 7).   Plaintiff avers that he had no history of being labeled a pervert and that Defendant Trgovac wrongfully profiled him as one and mischaracterized him as "slimy, seeks female staff attention."  Plaintiff claims that this conduct amounted to sexual profiling and was tantamount to sexual harassment.  (*Id.*, p. 4).  Plaintiff avers that the consequences of being placed on the PPL "could be deadly."  Plaintiff states that Defendant Lt. Devane was personally involved by holding his  picture along with others for the "show-on the-go."  (*Id.*, p. 4).  Plaintiff avers that Defendant Devane is liable for negligence, breach of duty, slander and mental stress.  (*Id.*, p. 7).  Plaintiff does not state he was assaulted or threatened by other inmates as a result of Defendant Devane's alleged conduct of holding his picture.  Plaintiff does not state what the  "show-on the-go" was or for whom Defendant Devane held his picture.  Plaintiff seems to claim that this conduct also amounted to sexual harassment.

As stated above, Plaintiff's negligence and slander claims against Defendants Trgovac and Devane should be dismissed because these claims are not the basis of a constitutional claim. *See Banks, supra*, slip op. p. 6, n. 4.

The Plaintiff seems to contend that the Eighth Amendment was violated because Trgovac improperly placed him on the PPL and Devane held his picture at the "show-on the-go." Plaintiff claims that his conduct amounted to sexual profiling and sexual harassment. As discussed, Plaintiff does not claim that any other Defendant besides Trgovac and Devane was personally involved in placing his name on the PPL, holding his picture, and in the alleged sexual harassment of him.

"The Eighth Amendment encompasses the treatment a prisoner receives while incarcerated, including sexual harassment, as long as two elements are met." *Harris v. Zappan*, 1999 WL 360203 *4 (E.D. Pa.) (Citation omitted). "The first element is objective; whether the constitutional deprivation was sufficiently serious." *Id*. (Citations omitted). The *Harris* Court then stated as follows:

> In the context of sexual harassment, this element requires "severe or repetitive sexual abuse of an inmate by a prison officer." *Boddie*, 105 F.3d at 861. The second element is subjective; whether the official had a "sufficiently culpable state of mind." *Young*, 960 F.2d at 360. "Where no legitimate law enforcement or penalogical purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." *Culinary Manager II,* 30 F.Supp.2d at 497 (quoting *Boddie*, 105 F.2d at 861).

*Id.*

In the present case, accepting the allegations as true, Plaintiff has not stated a sufficiently serious deprivation of his rights by Defendants Trgovac and Devane. As the *Harris* Court stated,

"[t]o be actionable, [the] sexual harassment must be incompatible with the '[c]ontemporary standards of decency.'" *Id.* * 5 ((citations omitted).  As mentioned, our Plaintiff does not claim that the stated Defendants engaged in sexual abuse of him or that they had a culpable state of mind by acting as alleged in order to place Plaintiff's safety in danger.  We do not find that Plaintiff's allegations against Defendants Trgovac and Devane amount to sexual harassment of him.  Plaintiff does not allege that these Defendants made any verbal sexual comments towards him.  In this case, we find that the alleged threats of assault by the two inmates without any physical contact, are not sufficiently linked to the alleged conduct by Defendants Trgovac and Devane, and that listing Plaintiff's name on the PPL and holding his picture do not assert a recognizable Eighth Amendment claim for sexual harassment.

Moreover, as the Court stated in *Wright v. O'Hara*, 2004 WL 1793018 (E.D. Pa.) * 7, "Where Plaintiff has not been physically assaulted, Defendant's words and gestures alone are not of constitutional merit."  (Citation omitted).   The *Wright* Court also stated:

> "Mean harassment . . . is insufficient to state a
> constitutional deprivation." *Murray v. Woodburn*, 809 F.Supp.
> 383, 384 (E.D. Pa. 1993).  Verbal abuse or threats alone
> do not state a constitutional claim.  *See Maclean v. Secor*,
> 876 F.Supp. 695, 698 (E.D. Pa. 1995).  "This is so because
> '[n]ot every unpleasant experience a prisoner might endure
> while incarcerated constitutes cruel and unusual
> punishment.  *Ramos v. Vaughn*, No. 94-2596, 1995 U.S.
> Dist. LEXIS 2164 at *12 (E.D.Pa. June 27, 1995), *quoting*
> *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

*Id.* * 6.

In the *Wright* case, Plaintiff alleged that the CO verbally threatened and harassed him and lunged towards him with a fist, without any physical contact.  The *Wright* Court concluded that this

conduct, 'while inappropriate, does not give rise to an Eighth Amendment violation as it is not 'sufficiently serious'."  *Id.* *7 (citation omitted).  Our Plaintiff does not allege any verbal sexual harassment or any physical contact by either staff or inmates as a result of the alleged conduct by Defendants Trgovac and Devane.  As in *Wright*, Defendants Trgovac's and Devane's alleged conduct does not amount to an Eighth Amendment violation for sexual harassment.

Thus, Plaintiff has not raised a constitutional violation with respect to the alleged placement of his name on the PPL by Defendant Trgovac and by the holding of his picture by Defendant Devane.  Therefore, we do not find an Eighth Amendment claim asserted with respect to Defendants Trgovac's and Devane's alleged conduct towards Plaintiff.[17]  We are not aware of any case which has held that placing an inmate's name on a PPL amounts to sexual harassment by prison staff and is a *per se* violation of the Eighth Amendment.  Nor are we aware of any case which has held that labeling an inmate as "slimy, seeks female staff attention" by prison staff was a violation of the Eighth Amendment.

---

[17]Notwithstanding the Plaintiff's *pro se* status and our initial finding that his § 1331 claims are insufficient as to all ten Defendants, we do not recommend that he be permitted to amend his Complaint to include more specific facts against these Defendants, since we find that the Plaintiff's claims against the stated Defendants fail to state a constitutional violation under the Eighth Amendment.  Thus, we find futility of any amendment of Plaintiff's claims as to all Defendants, and we shall not recommend Plaintiff be granted leave to amend his pleading.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

**VII. Recommendation.**

Based on the above, it is respectfully recommended that this case be dismissed as against all Defendants with respect to Plaintiff's claims under the Eighth Amendment.  We also recommend that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 5) be granted solely for the purpose of the filing of this action.  *See Gorea v. DHS*, Civil NO. 06-1090, M.D. Pa. 8-21-06 Order, J. Muir. Finally, we recommend that Plaintiff's Motion to Appoint Counsel (Doc. 4) be denied as moot.




s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 2, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEBERRY, | : | CIVIL ACTION NO. **3:CV-07-1825** |
| | : | |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J. MINOR, et al., | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 2, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

23

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                 **s/ Thomas M. Blewitt**
_____**THOMAS M. BLEWITT**
                                 **United States Magistrate Judge**


**Dated: November 2, 2007**