IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY DEBERRY,<br>      Plaintiff<br><br>      v.<br><br>JONATHAN C. MINER, Warden United States Penitentiary Allenwood, T.M. SZULANCZYK, Assistant Warden; CAPTAIN BLOODWORTH; T. MATTHEWS, Special Investigator; T. DEVANE, Lieutenant; MARIE TRGOVAC, Prison Psychologist; D. KREIBLE, Recreational Staff; MR. SMITH, Education Department; D. SCOTT DODRILL, Northeast Regional Office of the United States Bureau of Prisons; H. WATTS, Administrator at Central Office of the United States Bureau of Prisons,<br>      Defendants | No. 3:07cv1825<br><br>(Judge Munley)<br><br>(Magistrate Judge Blewitt) |

## **MEMORANDUM and ORDER**

Before the court for disposition is the report and recommendation of Magistrate Judge Thomas M. Blewitt that recommends the dismissal of this prisoner civil rights action. Plaintiff has filed objections, and the matter is ripe for disposition.

**Background**

Plaintiff instituted the instant action on November 13, 2007. At the time he filed the complaint, plaintiff was incarcerated at the United States Penitentiary - Allenwood, in White Deer, Pennsylvania. The basis for plaintiff's complaint is that he was improperly placed on the prison's "Pervert Prevalence List" (hereinafter "PPL") by Defendant Marie Trgovac. He asserts that placement on the list put his safety at the prison in jeopardy and was in violation of the prohibition of cruel and unusual

1

punishment found in the Eighth Amendment to the United States Constitution.

In addition to the complaint, plaintiff filed a motion to proceed *in forma pauperis* and a motion to appoint counsel. Magistrate Judge Blewitt reviewed the complaint pursuant to 28 U.S.C. § 1915. The law provides as follows:

> **(a) Screening. -** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal. -** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. Further, with regard to plaintiffs who seek to proceed *in forma pauperis*, the law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Upon screening the case pursuant to section 1915A, Magistrate Judge Blewitt determined that the complaint is frivolous or failed to state a claim on which relief may be granted under section 1915(e)(2)(B).

The report and recommendation suggests that the supervisory

defendants, Warden Miner, Assistant Warden Szulanczyk, BOP Regional Director Dodrill and BOP Administrator Watts should be dismissed as a valid Eighth Amendment claim has not been alleged against them.  In order to allege an Eighth Amendment cruel and unusual punishment claim, it must be demonstrated that the prison official defendant was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that the defendant drew] the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The dismissal of Defendants Kreible and Smith is recommended as plaintiff makes no claim against them.  He merely seeks to have them as witnesses.

With regard to Defendants Mathews and Bloodworth, the report and recommendation indicates that allegations against them do not rise to the level of an Eighth Amendment violation. Actions that could amount to mere carelessness were alleged against Mathews for conducting a poor investigation, and Defendant Bloodworth allegedly ignored the plaintiff's predicament —plaintiff deems this to be sexual harassment.  These claims do not amount to an Eighth Amendment violation based upon the standard set forth above.

Defendant claims that Defendant Trgovac improperly placed his name on the PPL and is liable based upon a negligence theory and is also liable for slander.  Likewise, he asserts that Defendant Devane is liable based upon negligence, breach of duty, slander and mental stress which amounted to sexual harassments.  The Magistrate Judge notes that negligence or slander does not give rise to a constitutional claim.  He also indicates that sexual harassment can give rise to a constitutional claim if it

3

is of such a degree that it is incompatible with contemporary standards of decency. See, e.g., Harris v. Zappan, No. CIV A 97-4957, 1999 WL 360203 *4 (E.D.Pa. May 28, 1999).  The Magistrate Judge concludes that the allegations of "sexual harassment" in the complaint simply do not rise to the level of a constitutional violation.  Plaintiff alleges no type of physical contact or behavior of a sexual nature directed towards him.

In response to the report and recommendation, plaintiff filed objections.  Plaintiff does not object *per se* to the findings of the Magistrate Judge, but rather asserts that the complaint should not be dismissed without providing him an opportunity to amend it to properly set forth a cause of action.

Leave to file an amended pleading should be freely given "when justice so requires." FED. R. CIV. P. 15(a).  See also Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir.1989) (finding a "strong liberality" in permitting leave to file an amended pleading). Out of an abundance of caution, and in light of the fact that the plaintiff is proceeding *pro se*, we will grant him permission to file an amended complaint.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (explaining that allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  The plaintiff should use the report and recommendation as a guide to ensure that his is not asserting claims that are subject to dismissal.  If the deficiencies that the Magistrate Judge highlights in his R &R are not remedied by the amended complaint, the amended complaint will be dismissed.

The plaintiff also moves for appointment of counsel.  The Magistrate Judge recommends denying this motion as moot because he

4

recommended the dismissal of the action.  Because we will allow the plaintiff the opportunity to file an amended complaint, the motion to appoint counsel is not moot, and we will address it.

The law provides that the court may request an attorney to represent a party unable to employ counsel.  28 U.S.C. § 1915; Local Rule of Civil Procedure 83.34.1-83.34.4.  The Court of Appeals for the Third Circuit has delineated the following factors to consider in determining whether counsel should be appointed to a *pro se* civil litigant:  1) whether the plaintiff's claim contain arguable merit; 2) whether the *pro se* litigant has demonstrated the ability of presenting his own case; 3) the difficulty of the particular legal issues; 4) the degree to which a factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; and 5) the extent to which the case is likely to turn on credibility determinations.  Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).  The court further noted that significant practical restraints temper the court's ability to appoint counsel and that volunteer lawyer time is a precious commodity.  Because volunteer lawyer time is limited, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer for a deserving cause. Id. at 157.

Bearing these standards and factors in mind, we have determined that the petitioner's motion should be denied.   For purposes of this motion we will consider that plaintiff's claim contains some arguable merit.  Plaintiff, has, however, demonstrated the ability of presenting his own case.  For example, his objections cite to relevant case law and explain his positions clearly.  Additionally, the legal issues of this case do not appear particularly difficult.  It appears at this point that the plaintiff will be able to

perform whatever factual investigation is necessary through the normal discovery methods and that credibility is not more of an issue in this case than in the typical case.  A weighing of these factors indicates that appointment of counsel at this time is inappropriate.

Accordingly, we will not adopt the R & R.  We are not in disagreement with the R & R, but, nevertheless, we shall allow the plaintiff an opportunity to amend his complaint to assert a valid cause of action.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERRY DEBERRY,**<br>     **Plaintiff**<br><br>  v.<br><br>**JONATHAN C. MINER, Warden United States Penitentiary Allenwood, T.M. SZULANCZYK, Assistant Warden; CAPTAIN BLOODWORTH; T. MATTHEWS, Special Investigator; T. DEVANE, Lieutenant; MARIE TRGOVAC, Prison Psychologist; D. KREIBLE, Recreational Staff; MR. SMITH, Education Department; D. SCOTT DODRILL, Northeast Regional Office of the United States Bureau of Prisons; H. WATTS, Administrator at Central Office of the United States Bureau of Prisons,**<br>     **Defendants** | **No. 3:07cv1825**<br><br>**(Judge Munley)**<br><br>**(Magistrate Judge Blewitt)** |

## ORDER

  **AND NOW**, to wit, this 30th day of May 2008, it is hereby **ORDERED** as follows:

  1) The Report and Recommendation of November 2, 2007 is not adopted;

  2) The plaintiff's objections are sustained, to the extent that he shall be allowed to file an amended complaint within forty-five (45) days from the date of this order. Failure to file a timely amended complaint will result in dismissal of this action. **The amended complaint must stand alone and set forth its claims completely without reference back to the original complaint.**

  3) The plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**;

  4) This case is remanded to Magistrate Judge Thomas M. Blewitt for further proceedings consistent with this order.

                 **BY THE COURT:**

                 **s/ James M. Munley
                 JUDGE JAMES M. MUNLEY
                 United States District Court**